IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN PIERCE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 03-173E |
| : | Judge Sean J. McLaughlin |
| PENNSYLVANIA DEPARTMENT OF : | Magistrate Judge Susan Paradise Baxter |
| CORRECTIONS, : | |
| : | |
| Defendant. : | |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

AND NOW, comes the defendant, Pennsylvania Department of Corrections, by attorneys, Thomas W. Corbett Jr., Attorney General, Craig E. Maravich, Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and files the following:

**STANDARD OF REVIEW**

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to

demonstrate that the evidence creates no genuine issue of material fact. Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248.  A fact is material when it might affect the outcome of the suit under the governing law. Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." White v. Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir. 1988), quoting Celotex, 477 U.S. at 322.

## CASE STATEMENT

Plaintiff is an individual bringing this Complaint dated May 27, 2003 pursuant to Title VII, 42 U.S.C. § 2000 et seq., and the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 et seq. The Complaint cites two counts:  1.) Title VII, Gender Discrimination and 2.) Title VII, Retaliation. Attached to the complaint is an EEOC right-to-sue letter dated February 26, 2003 in which the Commission determined:  "Based upon the Commissioner's investigation, the Commission is unable to conclude that the information obtained establishes violations of the

statutes." (See Complaint). The EEOC letter is labeled Charge No. 172A300147. (See Complaint).

A.   **The Parameters Of This Lawsuit Are Set By The EEOC Complaint Where It Was Determined That Plaintiff's Allegations Were Not Substantiated And Any Additional Claim Has Not Been Properly Exhausted.**

Title VII requires a plaintiff to file a charge of discrimination with the EEOC and/or applicable state agency, if one exists, before filing a complaint in court. See 42 U.S.C. § 2000e - 5(e)(1); National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 105, 122 S.Ct. 2061, 2068 (2002); Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 480 (3d Cir. 1997). This charge of discrimination sets the parameters of any ensuing civil action. See Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996); Mroczek v. Bethlehem Steel Corp., 126 F.Supp. 2d 379, 384-85 (E.D. Pa. 2001). An allegation contained within the federal complaint must have previously been presented to the administrative agency. See 42 U.S.C. § 2000e - 5(e)(1); Antol, 82 F.3d at 1295.

"Title VII requires plaintiffs to exhaust the administrative process prior to bringing suit." Freed v. Consolidated Rail Corp., 201 F.3d 188, 191 (3d Cir. 2000), citing Trevino-Barton v. Pittsburgh National Bank, 919 F.2d 874, 878 (3d Cir. 1990). "As a precondition to filing suit under Title VII, however, plaintiff must have exhausted available administrative remedies." Gill v. Summers, 2001 WL 283150 (E.D. Pa. 2001), citing, Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997). The Third Circuit has acknowledged: "The Supreme Court has explained that when Title VII remedies are available, they must be exhausted before a plaintiff may file suit." Spence v. Straw, 54 F.3d 196, 200 (3d Cir. 1995). The Supreme Court has also held when a statute requires exhaustion of administrative remedies before filing suit, that such requirement was not satisfied by receipt of the agency's rejection of the claim after commencement of the

action, but before any substantial progress had taken place in the litigation. McNeil v. U.S., 508 U.S. 106, 111-12, 113 S.Ct. 1980, 1983 (1993).

The same is true under the Pennsylvania Human Relations Act. 43 P.S. §§ 959(a), 962. To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within the applicable period of the alleged act of discrimination. 43 P.S. §§ 959(a), 962. Richards v. Foulke Associates, Inc., 151 F. Supp. 2d 610, 612-13 (E.D. Pa. 2001). The Pennsylvania Supreme Court has strictly interpreted this requirement finding that "persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized[.]" Vincent v. Fuller Co., 532 Pa. 547, 557, 616 A.2d 969, 974 (1992).

The Pennsylvania Supreme Court found that the enactment of the PHRA created "a procedure and an agency specially designed and equipped to attack this persisting problem and to provide relief to citizens who have been unjustly injured thereby." Fye v. Central Transportation, Inc., 487 Pa. 137, 140, 409 A.2d 2, 4 (1979). "Allowing a discharged employee to commence an action in the courts without first exhausting administrative remedies would be logically inconsistent with the legislature's having created the PHRC to function as an efficient mechanism for handling such disputes." Clay v. Advanced Computer Applications, Inc., 522 Pa. 86, 90, 559 A.2d 917, 919 (1989). The Third Circuit agrees with the Pennsylvania Supreme Court stating: "Strictly interpreting the filing requirement of the PHRA allows the PHRC to use its specialized expertise to attempt to resolve discrimination claims without the parties resorting to court." Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997), cert. denied 522 U.S. 915 (1992).

"A plaintiff seeking relief pursuant to Title VII must exhaust administrative remedies by filing charges with the EEOC within 180 days after the alleged unlawful practice, or within 300 days if proceedings were initially initiated with a state or local agency." Congleton v. Weil McLain, 2003 WL 22100877 (E.D.Pa. 2003); citing 42 U.S.C § 2000e-5(e)(1); 42 U.S.C. § 12117(a). Likewise, the PHRA requires plaintiffs to file charges with the appropriate administrative agency within 180 days after the alleged discriminatory act." Id., citing 43 Pa.C.S.A. § 959(h); Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1987).

Plaintiff was required to bring all claims forward at the administrative level before bringing those claims in this federal civil action. As the complaint evinces, plaintiff only brought forward claims of a select few through the EEOC. (See Complaint, attached EEOC letter). Plaintiff failed to exhaust his administrative remedies for any additional claims before filing this lawsuit. Freed, 201 F.3d at 191; Spence v. Straw, 54 F.3d 196, 200 (3d Cir. 1995)("must be exhausted before a plaintiff may file suit"). Plaintiff has not demonstrated that he exhausted his PHRA administrative remedies. It was determined that the "allegations were not substantiated" at the EEOC level. (Attachment A).

Hence, summary judgment must be granted in favor of defendant for any additional claims not exhausted.

      B.    **Summary Judgment In Favor of Defendant is Appropriate Based On The Set Parameters Of The EEOC Charge.**

"The filing of a charge with the Commission by an aggrieved party and the receipt of a notice of the right to sue are jurisdictional prerequisites to a civil action under Title VII." Hicks v. ABT Associates, 572 F.2d 960, 963 (3d Cir. 1978). In a federal civil complaint alleging employment claims, the EEOC complaint sets the parameters of any ensuing civil action. Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996). In this case, the original EEOC complaint was

5

based on claims for gender discrimination, discrimination based on religion and retaliation. A central purpose of EEOC charges is to put an employer on notice of "the existence and nature of the charges against them." EEOC v. Shell Oil Co., 466 U.S. 54, 77, 104 S.Ct. 1621 (1984). "Courts have generally determined that the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976). The test is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984).

Numerous Circuit Courts are in agreement with the Third Circuit. "The scope of the written administrative charge defines the permissible scope of the subsequent action." Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001). See also, Fairchild v. Forma Scientific, 147 F.3d 567 (7th Cir. 1998); Manning v. Chevron Chemical Co., 332 F.3d 874 (5th Cir. 2003). Recently, the Third Circuit reinforced this position in an opinion not selected for publication in the Federal Reporter at Spindler v. Southeastern Pennsylvania Transportation Authority, 47 Fed. Appx. 92, 95, 2002 WL 31059196, *3 (3d Cir. 2002) (not precedential).[1]

"Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Technologies Applications and Service, 80 F.3d 954, 963 (4th Cir. 1996). See also, Taylor v. Virginia Union University, 193 F.3d 219, 239 (4th Cir. 1999)("Only those discrimination claims stated in the administrative

---

[1] See also Russ-Tobias v. Pennsylvania Bd. of Probation and Parole, 2004 WL 2600109 (E.D.Pa. 2004); Congleton v. Weil McClain, 2003 WL 22100877 (E.D.Pa. 2003)(granting defendants motion for summary judgment).

charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."); Simms v. Oklahoma, 165 F.3d 1321 (10th Cir. 1999)(new claims including retaliation did not relate back).

"Generally, amendments that raise a new legal theory do not "relate back" to an original charge of discrimination." Manning v. Chevron Chemical Co., 332 F.3d 874, 878 (5th Cir. 2003), citing as stated, EEOC v. Miss.Coll., 626 F.2d 477, 483-84 (5th Cir. 1980)(observing that "[because] [the claimant's] allegations of racial discrimination do not relate to or grow out of the allegations of sex discrimination advanced in the original charge, that aspect of the amended charge does not relate back to the time of filing of [the] original charge"); Simms v. Oklahoma ex rel. Dep't of Mental health and Substance Abuse Serv., 165 F.3d 1321, 1327 (10th Cir. 1999)(holding that the plaintiff's amended charge did not relate back under section 1601.12(b), because the original charge alleged only race discrimination, while the amended charge included "a new theory of recovery"--retaliation); Fairchild v. Forma Scientific, Inc., 147 F.3d 567, 575 (7th Cir. 1998)("[A]n untimely amendment that alleges an entirely new theory of recovery does not relate back to a timely filed original charge."); Id. at 576 (concluding that an amendment containing a claim of disability discrimination did not relate back to the original charge, which alleged age discrimination); Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 963-64 (4th Cir. 1996)(holding that the plaintiff's age discrimination claim did not relate back to the originally filed charge of sex discrimination).

In the instant case, the EEOC letter as part of the original complaint, demonstrates that the scope of the charge at the administrative level, as well as the scope of the investigation, concerned only the three claims consisting of gender discrimination, discrimination based on

7

religion[2], and retaliation in the form of harassment and discharge as an LPN on May 13, 2002. (Attachment A).[3]   The scope of the initial administrative proceeding was limited to those three claims.  (See Complaint, attached EEOC letter and Attachment A).

In this case, the scope of this subsequent federal civil complaint is limited to those claims alleged and investigated in EEOC charge number 172A300147. Any additional claim does not fall within the scope of the prior investigation and is time barred. Concerning the claims raised at the administrative level, the EEOC determined through investigation that is was unable to conclude a violation of the statute occurred.  (Attachment A).  See Rogan v. Giant Eagle, Inc., 113 F.Supp.2d 777 (W.D. Pa. 2000)(Court could consider EEOC charge and related documents either as undisputed documents referenced in Complaint or information as matter of public record without converting Motion to Dismiss to one for Summary Judgment), aff'd granting Motion to Dismiss at 276 F.3d 579 (3d Cir. 2001)(table).

Thus, summary judgment based on the set parameters should be granted in favor of defendant.

    **C.**    **Summary Judgment In Favor Of Defendant Is Appropriate For The Claim Of Gender Discrimination.**

An unlawful employment discrimination claim is analyzed under the burden-shifting analysis found in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).  In an unlawful, employment discrimination claim based on gender, plaintiff bears the initial burden of establishing a prima facie case.  Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817

---

[2] The Federal Civil Action does not raise this claim.  (See Complaint)
[3] In this Federal Civil Complaint, plaintiff only raises the two claims of gender discrimination and retaliation.

(1973). Only if plaintiff meets this initial burden will the burden shifting analysis begin. McDonnel Douglas, 411 U.S. at 802, 93 S.Ct. at 1824. "[T]he burden of persuasion remain[s] at all times with the plaintiff." Sheridan v. E.I. Dupont de Nemours and Co., 100 F.3d 1061, 1066 (3d Cir. 1996), cert. denied 521 U.S. 1129 (1997); United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482 (1993); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095 (1981). Only if the plaintiff demonstrates a prima facie case does the burden of production, not the burden of persuasion, shift to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994), quoting McDonnel Douglas, 411 U.S. at 802, 93 S.Ct. at 1824.

"The employer satisfies its burden of production by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." Fuentes, 32 F.3d at 763, citing St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742 (1993). "The employer need not prove that the tendered reason actually motivated its behavior, as throughout this burden-shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff." Fuentes, 32 F.3d at 763, citing Burdine, 450 U.S. at 253, 254, 256, 101 S.Ct. at 1093, 1094, 1095.

"Once the employer answers its relatively light burden by articulating a legitimate reason for the unfavorable employment decision, the burden of production rebounds to plaintiff, who must now show by a preponderance of the evidence that the employer's explanation is pretextual (thus meeting the plaintiff's burden of persuasion")." Fuentes, 32 F.3d at 763. Contrarily, this is a "difficult burden." Fuentes, 32 F.3d at 765. The Third Circuit's "experience

9

is that most cases turn on the third stage, i.e., can the plaintiff establish pretext." [4]  Jones v. School of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999)(affirming grant of defendant's motion for summary judgment).

In order to make out a prima facie case for discrimination a plaintiff must show that: 1.) he is a member of a protected class; 2.) he was qualified for the position in question; 3.) he was terminated despite his qualifications; and 4.) after termination the job remained open and the employer sought applicants with plaintiff's qualifications. McDonnell-Douglas, 411 U.S. at 802, 93 S.Ct. at 1824.

In the instant case, it is questionable whether plaintiff demonstrates a prima facie case for gender discrimination. Plaintiff makes "bald statements" and "bare-bone allegations" in order to attempt to demonstrate a prima facie case. This is not enough. See Brown v. Daniels, 128 Fed. Appx. 910, 912 n.1 (3d Cir. 2005); Nicholls v. Wildon Industries, 1999 WL 1211656, *10 (E.D. Pa. 1999) ("plaintiff may not reach a trier of fact with mere bare-bone allegations").

Notwithstanding, if the burden of production were to shift to defendant then defendant meets its "relatively light burden." Fuentes, 32 F.3d at 763. Defendant articulates a "legitimate, nondiscriminatory reason" for plaintiff's termination. (Attachment B). Actually, defendant articulates numerous legitimate, nondiscriminatory reasons for the termination. (Attachment B). Plaintiff "failed to show impartiality and integrity in the performance of [his] duties, and [his] actions were unprofessional and unacceptable conduct." (Attachment B). Plaintiff failed to provide humane and impartial treatment to inmates, and failed to follow lawful orders promptly." (Attachment B). Plaintiff previously received suspensions. (Attachment B). Plaintiff's "actions

---

[4] This may be due to a plaintiff party realizing a claim is frivolous if a prima facie case is not established before ever taking an appeal. See Jeralds v. City of Orlando, 194 F.Supp.2d 1305 (M.D. Fla 2002).

showed clear disregard for established policy and demonstrate that [he] allowed [his] personal feelings and opinions to compromise [his] integrity and impartiality." (Attachment B). Plaintiff "failed to act in accordance with policy" and "chose to disregard policy and procedure." (Attachment B). Plaintiff failed to "cooperate during the fact-finding." (Attachment B). Previously, plaintiff received "verbal reprimand" and "written reprimand". (Attachment B).

In summary, defendant demonstrates its "relatively light burden by articulating a legitimate reason" for plaintiff's termination. Fuentes, 32 F.3d at 763. Contrarily, plaintiff fails to demonstrate by a "preponderance of the evidence" its "difficult burden" of "pretext." Fuentes, 32 F.3d at 763, 765; Jones, 198 F.3d at 410[5]. Ergo, summary judgment must be granted in favor of defendant.

### D. Summary Judgment In Favor Of Defendants Is Appropriate For The Claim Of Retaliation.

To establish a prima facie case of retaliation under Title VII, plaintiff must demonstrate that : 1.) he was engaged in protected activity; 2.) the employer knew about this protected activity; 3.) the employer took adverse employment action against him; and 4.) a causal connection exists between the protected activity and the adverse employment action. Kinapore v. EPB Elec. Utility, 92 Fed. Appx. 197, 202 (6th Cir. 2004)(not precedential)(court granted employer's summary judgment when plaintiff alleged supervisor used profanity and smoked, plaintiff was assigned menial tasks, plaintiff was reassigned, plaintiff had negative performance evaluation, plaintiff was suspended, plaintiff alleged constructive discharge). In the instant case,

---

[5] Defendants additionally demonstrate that individuals falling outside the "male" gender class have been disciplined. (Attachment C, p. 17, female LPN quit or resigned as opposed to being terminated; p. 29-30, investigation on a different woman concerning comments to other personnel; p. 40-41, third woman received written reprimand and facing PDC; Attachment D, female registered nurse took disability retirement while PDC pending; Attachment E; p. 13-14 numerous nurses disciplined).

plaintiff fails to demonstrate that he was engaged in a protected activity that the employer knew about which could have caused any adverse action.

To survive summary judgment under the burden shifting theory, Plaintiff must first establish a *prima facie* case of retaliation. "All that is required to establish a *prima facie* case of retaliatory discrimination is proof: (1) that the plaintiff engaged in a protected activity, (2) that the employer took an adverse action against [him], and (3) that a causal link exists between the protected activity and the employer's adverse action." E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 754 (3d Cir. 1997), *cert. denied,* 522 U.S. 1147 (1998), citing, Kachmar v. SunGard Data Sys. Inc., 109 F.3d 173 (3d Cir. 1997); Woodson, 109 F.3d at 920.

If Plaintiff satisfies this burden, the burden shifts to Defendant. Defendant must proffer a legitimate, nondiscriminatory reason for the adverse action. Woodson, 109 F.3d at 920 n.2; see also, Krouse v. American Sterilizer Co., 126 F.3d 494, 500-01 (3d Cir. 1997). "The employer's burden at this stage is 'relatively light: it is satisfied if the defendant articulates any legitimate reason for the adverse employment action; the defendant need not prove that the articulated reason actually motivated the action.'" Krouse, 126 F.3d at 500-01, quoting, Woodson, 109 F.3d at 920.

Assuming that Defendants discharge this burden, the burden then shifts back to the employee who must establish that the proffered explanation is mere pretext for discrimination. In other words, "the plaintiff must be able to convince the fact finder both that the employer's proffered explanation was false, and that the retaliation was the real reason for the adverse employment action." Krouse, 126 F.3d at 501, citing Woodson, 109 F.3d at 920. Accordingly, the employee must produce evidence that the "retaliatory animus played a role in the employer's

decision making process and that it had a determinative effect on the outcome of that process." Krouse, 126 F.3d at 501, citing Woodson, 109 F.3d at 931-35.

Once again, plaintiff fails to set forth a prima facie case. Plaintiff fails to demonstrate the three prong test for a prima facie case of retaliation. Plaintiff makes no causal link between any adverse action by the employer and any engagement by him in protected activity. Visnikar v. Dept. of Environmental Protection, 2004 WL 438688, *4 (W.D.Pa. 2004)(defendant may point out the absence of evidence).

Even if it were determined that plaintiff makes out a prima facie case, defendant meets its "relatively light" burden to articulate a legitimate reason for the adverse employment action. (Attachment B). Fuentes, 32 F.3d at 763. Defendant articulates a "legitimate, nondiscriminatory reason" for plaintiff's termination. (Attachment B). Defendant articulates numerous legitimate, nondiscriminatory reasons for the termination. (Attachment B). Plaintiff "failed to show impartiality and integrity in the performance of [his] duties, and [his] actions were unprofessional and unacceptable conduct." (Attachment B). Plaintiff failed to provide humane and impartial treatment to inmates, and failed to follow lawful orders promptly." (Attachment B). Plaintiff previously received suspensions. (Attachment B). Plaintiff's "actions showed clear disregard for established policy and demonstrate that [he] allowed [his] personal feelings and opinions to compromise [his] integrity and impartiality." (Attachment B). Plaintiff "failed to act in accordance with policy" and "chose to disregard policy and procedure." (Attachment B). Plaintiff failed to "cooperate during the fact-finding." (Attachment B). Previously, plaintiff received "verbal reprimand" and "written reprimand". (Attachment B).

Therefore, summary judgment in favor of defendant must be granted.

## E.    Plaintiff Fails To State A Claim Under The PHRA For The Same Reasons.

"Discrimination claims brought under the PHRA are analyzed under the same standards as their federal counterparts." Visnikar v. Department of Environmental Protection, 2004 WL 438688, *7 n. 13 (W.D. Pa. 2004), citing Conners v. Chrysler Fin. Corp., 160 F.3d 971, 972 (3d Cir. 1998)("There is no need to differentiate between Conner's ADEA and PHRA claims because, for our purposes, the same analysis is used for both."); Simpson v. Kay Jewelers, 142 F.3d 639, 643-44, n.4 (3d Cir. 1998); Kelly v. Drexel University, 94 F.3d 102, 105 (3d Cir. 1996); Fairfield Township Volunteer Fire Co. 1 v. Commonwealth, 530 Pa. 441, 609 A.2d 804, 805 (Pa. 1992).

The court's determination that plaintiff failed to demonstrate a prima facie case of gender discrimination under Title VII is also dispositive of the plaintiff's failure under the PHRA. Zezulewicz v. Port. Auth. of Allegheny County, 290 F.Supp.2d 583, 601 (W.D. Pa. 2003)("Thus our determination that defendant's conduct did not violate Title VII would cause us to grant summary judgment on the same claims under the PHRA."). "The analysis required to adjudicate Plaintiff's claim under the PHRA is identical to a Title VII inquiry." Gaul v. Zep Mfg. Co. 2004 WL 234370 (E.D. Pa. 2004), citing Goosby v. Johnson & Johnson, 228 F.3d 313, 317 n.3 (3d cir. 2000); Gomez v. Allegheny Health Service Inc., 71 F.3d 1079, 1084 (3d Cir. 1995)(stating that PHRA claims are analyzed under McDonnel Douglas test consistently with interpretations of Title VII).

Hence, plaintiff fails to state a claim under the PHRA.[6]

---

[6] See also, Fitzwater v. First Judicial District of Pennsylvania, 2000 WL 420631 (E.D. Pa. 2000)("PHRA claim is [barred by the Eleventh Amendment] because the Commonwealth of Pennsylvania cannot be sued in federal court under state law").

F.   **PHRA Claims Against The Commonwealth Of Pennsylvania Or Its Agencies Must Be Dismissed Under The Eleventh Amendment.**

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state." U.S.C.A. Const.Amend. 11. The Supreme Court has longstanding withheld: "first, that each state is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 116 S.Ct. 114 (1996); citing Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504 (1890). Eleventh Amendment immunity applies to claims brought under § 1983, Quern v. Jordan, 440 U.S. 332, 338-41, 99 S.Ct. 1139 (1979), and under state laws. Pennhurst St. School & Hosp. v. Halderman, 465 U.S. 89, 104 S.Ct. 900 (1984).

States can consent to suit in federal court. However, Pennsylvania has not consented. See 42 Pa.C.S. § 8521(b). The Third Circuit has continuously "held that Pennsylvania has not consented to suit in federal court." Chittister v. Dep. of Community and Economic Development, 226 F.3d 223, 227 (3d Cir. 2000); citing Wheeling & Lake Erie Ry v. Public Util. Comm'n., 141 F.3d 88, 91 (3d Cir. 1998); Laskeris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).

Claims against the state itself and state agencies are barred by the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057 (1978). In the Third Circuit, Eleventh Amendment immunity protection includes "suits against departments or agencies of the State." Laskaris v. Thornburg, 661 F.2d 23, 25 (3d Cir. 1981), cert. denied, 461 U.S. 886 (1984). The Pennsylvania Department of Corrections is a state agency entitled to Eleventh Amendment

15

protections.  <u>Lavia v. Commonwealth of Pennsylvania</u>, 224 F.3d 190, 195 (3d Cir. 2000). Any "PHRA claim is [barred by the Eleventh Amendment] because the Commonwealth of Pennsylvania cannot be sued in federal court under state law." <u>Fitzwater v. First Judicial District of Pennsylvania</u>, 2000 WL 420631 (E.D.Pa. 2000).

Thus, any PHRA claim is barred by immunity established through the Eleventh Amendment.

## **CONCLUSION**

WHEREFORE, it is respectfully requested the be granted.

                    Respectfully submitted,

                    THOMAS W. CORBETT JR.
                    Attorney General

          By:    /s/ Craig E. Maravich
                 CRAIG E. MARAVICH

Office of Attorney General         Deputy Attorney General
564 Forbes Avenue, Manor Complex  Attorney I.D. No. 86219
Pittsburgh, PA 15219
Phone: (412) 565-2794            Susan J. Forney
Fax:   (412) 565-3028            Chief Deputy Attorney General
                                                Chief, Litigation Section

Date: August 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2005, I electronically filed the foregoing ***Brief in Support of Motion for Summary Judgment*** with the Clerk of Court using the CM/ECF system. And I hereby certify that I have mailed the foregoing document by United States Postal Service to the following non CM/ECF participants:

Neal A. Sanders, Esq.
LAW OFFICES OF NEAL SANDERS
1924 North Main Street Extension
Butler, PA 16001

/s/ Craig E. Maravich
CRAIG E. MARAVICH
Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue, Manor Complex
Pittsburgh, PA 15219
(412) 565-2794 phone
(412) 565-3028 fax

Date: August 9, 2005