## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN D. PIERCE,** | : | Civil Action No. 03-173E |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | JUDGE SEAN J. McLAUGHLIN |
| | : | MAGISTRATE JUDGE SUSAN |
| **PENNSYLVANIA DEPT.** | : | PARADISE BAXTER |
| **OF CORRECTIONS,** | : | |
| | : | |
| Defendant. | : | **PRE-TRIAL STATEMENT** |
| | : | |
| | : | |
| | : | FILED ON BEHALF OF: |
| | : | Plaintiff, Brian D. Pierce |
| | : | |
| | : | |
| | : | COUNSEL OF RECORD FOR THIS |
| | : | PARTY: |
| | : | Neal A. Sanders, Esquire |
| | : | LAW OFFICES OF NEAL A SANDERS |
| | : | 1924 North Main Street Ext. |
| | : | Butler, Pennsylvania 16001 |
| | : | |
| | : | (724)282-7771 |
| | : | PA ID No. 54618 |
| | : | |
| | : | **JURY TRIAL DEMANDED** |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRIAN D. PIERCE,** | : | CIVIL ACTION NO.03-173E |
| | : | |
| | : | Hon. Sean L. McLaughlin |
| Plaintiff, | : | Magistrate Judge Susan |
| | : | Paradise Baxter |
| vs. | : | |
| | : | |
| **PENNSYLVANIA DEPT. OF** | : | |
| **CORRECTIONS,** | : | |
| | : | |
| Defendant, | | |

## PLAINTIFF'S PRE-TRIAL STATEMENT

AND NOW, comes Plaintiff, Brian Pierce, by and through his counsel, Neal A. Sanders, Esquire, of the Law Offices of Neal A. Sanders and files Plaintiff's Pre-Trial Statement and states as follows:

### I.  Factual and Legal Contentions.

### A.  Factual Contentions.

1.    Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e (b) and (h) in that the Defendant is engaged in an industry affecting commerce, as that term is defined by 42 U.S.C. § 2000 e (h), and employs fifteen or more employees for each working day in each of twenty or more calendar weeks.

2.    Plaintiff is a member of a class protected under the provisions of Title VII by reason of his gender.

3.    In or 1994, Plaintiff was initially employed by the

Defendant as a Licensed Practical Nurse (LPN) by the Pennsylvania Department of Corrections at the State Correctional Institution in Albion.

4.  On or about January 21, 2001, Plaintiff was transferred to the State Correctional Institution in Cambridge Springs from the State Correctional Institution at Albion.

5.  At all times relevant hereto, Plaintiff was qualified for the position of LPN.  Plaintiff consistently received excellent performance evaluations both while at Albion and Cambridge Springs.

6.  At all times that Plaintiff was assigned to Cambridge, Plaintiff's immediate supervisors were Nancy Giroux, R.N., Sandy Pietrzak and Chris Massung.  During the period that Plaintiff was assigned to Albion, Plaintiff's immediate supervisor was Maxine Overton.

7.  At all times relevant hereto, the employees of the infirmary department have been predominantly female.  While Plaintiff was assigned to Cambridge Springs, Plaintiff was the only male LPN.

8.  In or about October, 2001, Plaintiff filed an administrative complaint of hostile work environment concerning Ms. Massung and Sandy Pietrzak.

9.  Marilyn Brooks, Superintendent, dismissed the October, 2001 complaint without any investigation.

10.  In March, 2001, Plaintiff was also identified as a

favorable witness by a former employee of the Defendant who had brought a lawsuit alleging reverse gender discrimination. Plaintiff had previously given testimony favorable to this individual at the administrative level and subsequently testified at the jury trial of this individual's claims.

11.  Throughout the period that Plaintiff was assigned to Albion, female employees were given preferential treatment in which assignments were given, for example female employees were permitted to work in the infirmary or restricted housing unit when they requested to do so while Plaintiff and the other male employees had similar requests denied.

12.  In March, 2001, while Plaintiff was assigned to Albion, Plaintiff was disciplined for an improper medication count when he was the individual who discovered the error.  The female employee who made the error was not disciplined.

13. Throughout the period that Plaintiff was assigned to Cambridge Springs, Yvonne McGuire continuously and unjustly criticized Plaintiff's work performance and had Plaintiff called into the office on numerous occasions for actions that Plaintiff either did not perform or that females performed regularly without being disciplined or counseled in any way.

14.  On numerous occasions while Plaintiff was assigned to Cambridge Springs, Sandy Pietrzak would unjustly criticize Plaintiff and express dislike for males in general.

15.  On or about August 28, 2001, Ms. Giroux, Nursing

Supervisor, disciplined Plaintiff for prepouring meds when he did not do so.  When Plaintiff had complained that female employees were engaging in this activity a month earlier Ms. Giroux did not undertake an investigation or take any other action against the subject employees.

16.  On or about October 15, 2001, Plaintiff was issued a written reprimand for allegedly having an altercation with Ms. Pietrzak in a public area.  As part of this reprimand Plaintiff was falsely accused of raising his voice with Ms. Pietrzak and pointing his finger at her.  Although Ms. Pietrzak did raise her voice at Plaintiff during this incident and backed him into a wall, no action was taken against her.

17.  On or about March 10, 2002, Plaintiff was accused of making unauthorized changes to the inmate medication line, specifically having the inmates come to the medication line by housing unit, which resulted in the medication line remaining open past 2100 hours.  In fact, a correctional officer had suggested this change, and Plaintiff had communicated the suggestion to the registered nurse supervising the line who, in turn, approved the change.  Neither the female correctional officer or the female registered nurse were accused of wrongdoing and female employees had operated the medication line past 9 p.m. without being disciplined.

18.  On or about March 20, 2002, Plaintiff was accused of wrongdoing in connection with initially informing inmates who

came to the medication line late for non-life sustaining
medications that he could not give them their medications as the
line was closed.  Plaintiff did give the inmates their
medications after being instructed to do so by the supervising
R.N.

19.  On or about April 1, 2002, Plaintiff was disciplined
for a miscount on narcotics when the count had been correct when
he went off duty the night before.  The female employee who was
responsible for the narcotics during the night shift, and whose
count came up one short, was not disciplined.  Furthermore, the
staff member who was subsequently brought forward as a witness to
this incident, Yvonne McGuire, was off on this day.

20.  On or about April 5, 2002, Plaintiff was disciplined
for taking a smaller bag of medications to the RHU, as the bag
designated for the RHU was extremely bulky.  Female employees
regularly performed the same act and were not disciplined.  The
Defendant also failed to instruct Plaintiff that it was against
policy to use the smaller bag prior to disciplining Plaintiff.

21.  Also on April 5, 2002, Plaintiff was disciplined for
prepouring medications when he did not do so, and for "borrowing"
medications from one inmate to give to another when this was a
common practice.

22.  On or about April 9, 2002, Plaintiff was falsely
accused of criticizing the DOC's RSAT program during a
conversation with inmates.  In fact, the criticism for the

program came up during a private conversation with Ms. Pietrzak
and Nurse Zuber, during which all three individuals expressed
concerns with the program.  Ms. Pietrzak and Nurse Zuber were not
disciplined.

23.  On April 11, 2002, a fact finding session was held
concerning the March and April, 2002 incidents.  The report of
this session falsely attributed many statements to Plaintiff and
misrepresented the facts as set forth in the preceding
paragraphs.

24.  On or about April 23, 2002, a Pre-Disciplinary
Conference was held concerning the March and April, 2002,
indidents.

25.  In addition to the matters set forth in the preceding
paragraphs, during the Pre-Disciplinary Conference Plaintiff was
falsely accused of passing notes to inmates, and of telling the
inmates involved in the March 20, 2002 incident that "fault
doesn't matter".

26.  By letter dated April 30, 2002, Marilyn Brooks
summarized the findings of the Pre-Disciplinary Conference and
recommended that Plaintiff's employment be terminated.

27.  On May 10, 2002, Plaintiff's employment with the
Defendant was terminated.

28.  Female employees, including Yvonne McGuire, Karen
Gardner, and Cheryl Heffern, frequently prepoured medications and
took medications to the RHU in a smaller bag and were not

disciplined even though Plaintiff did write up incident reports when he witnessed such actions.

29.  Female employees, including Sandy Pietrzak, Nurse Zuber, Cheryl Heffern, Kelly Winkler, Nurse Gardner, Nurse Eldred, Nurse Chapman, and Nurse King, "borrowed" medications from one inmate to give to another on a regular basis and were not disciplined.


30.  Female employees, including Hefern, Zuber, Kelly, Pietrzak, Gardner and Eldred, gave inmates medications out of the stock without signing it out without being disciplined.

**B.  Legal Contentions.**

1.  Plaintiff has established a prima facie case of gender discrimination under Title VII and the PHRA.  The elements that form the prima facie case in a situation involving discharge are:

  (1)  that plaintiff is a member of a protected class;

  (2)  that plaintiff was qualified for the position in question;

  (3)  that plaintiff was subjected to an adverse employment action;

  (4)  that plaintiff was replaced by someone outside the protected class.

McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802-3, 36 L.Ed. 2d 668, 93 S.Ct. 1817 (1973).[1]

_____

[1]The fourth element of the prima facie case has been restated in several ways, and can be satisfied by showing either that the plaintiff was replaced by an individual outside the protected class or by showing that similarly situated employees were treated more favorably. See Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 356-357 (3d Cir. 1999); Matczak v.

2.  Plaintiff has established a prima facie case of retaliation under both Title VII and the PHRA.    In order to establish a prima facie case of retaliation, a plaintiff must prove the following elements:

> 1)   the plaintiff engaged in protected activity;
>
> 2)   the employer took an adverse employment action against the employee; and
>
> 3)   there was a causal connection between plaintiff's participation in the protected activity and the adverse employment action.

Nelson v. Upsala College, 51 F.3d 383, 386 (3rd Cir. 1995).

3.  Although the Defendant has offered a non-discriminatory reason for the termination of Plaintiff's employment, specifically that Plaintiff had engaged in a number of infractions of the Defendant's policies and regulations, the Plaintiff will establish at trial that this reason is a pretext for discrimination.

4.  The Plaintiff may challenge the employer's defense by showing that it was merely pretext for discrimination.  See Colgan v. Fisher Scientific Co., 935 F.2d 1407 (3d Cir. 1991); Chipollini v. Spencer Gifts, Inc., 814 F.2d 893 (3d Cir.), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct 26 (1987); Gray v. York Newspapers, Inc., 957 F.2d 1070 (3d Cir. 1992); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985); McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973).

---

Frankford Candy and Chocolate Co., 136 F.3d 933, 938 (3d Cir. 1997)

## II.   WITNESSES

### A. Liability

1. Brian Pierce
   313 South Main St.
   Cambridge Springs, PA 16403

2. Julie Pierce
   313 South Main St.
   Cambridge Springs, PA 16403

3. Michael White
   23285 Wilkie Road
   Cambridge Springs, PA 16403

4. Jim McDuff
   4 Collins Drive
   Albion, PA 16401

5. Mrs. Harry Stauffer
   c/o 313 South Main St.
   Cambridge Springs, PA 16403

6. Pastor Eric Leonard
   116 Lincoln St.
   Cambridge Springs, PA 16403

7. Pastor Patrick Ellis
   388 Tippery Road
   Seneca, PA 16346

8. Dr. Ronald Martin
   118 Railroad St.
   Cambridge Springs, PA 16403

9. Yvonne McGuire
   c/o Commonwealth of Penna. State Correctional Institute
   @ Cambridge Springs
   451 Fullerton Ave.
   Cambridge Springs, PA 16403-1229

10. Sandy Pietrazak
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

11.  Christine Massung
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

12.  Mike Kelly
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

13.  Henry Powell
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

14.  Deputy Bruce Marquerdt
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

15.  Marilyn Brooks
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

16.  Judith Weyers
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

17.  Donna Hinkson
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

18.  Thomas Pratz
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

19. Maxine Overton
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

20. Nancy Allen
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

21. P. Smith, R.N.
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

22. A. Chapman, R.N.
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

23. L. Mallard
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

24. S. Cooper
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

25. Deputy _____ Korman
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

26. Deputy _____ Good
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

27.  William Wolfe
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

28.  Nancy Giroux
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

29.  Dr. _____Sellaro
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

30.  Dr. _____ Liken
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

31.  Nancy Wirth
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

32.  J. Welker
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

33.  Lt. Bert Bossard
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

34.  Tom Zuber
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

35. _____ Kidd (C.O.)
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

36. Lt. Sharalee Raun
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

37. Robin Weidner
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

38. Dr. Lindenmuth
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

39. C. Hefferin
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

40. Jeffery Beard
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

41. Z. Raynor
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

42. Clifford Van Tassell
    c/o Commonwealth of Penna. State Correctional Institute
    @ Cambridge Springs
    451 Fullerton Ave.
    Cambridge Springs, PA 16403-1229

43. Michelle Van Tassell
    c/o Clifford Van Tassell

44.  V.L. Kormanic
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

45.  Barbara Harris
     c/o Department of Army
     Fort Beliorr, VA 22060

46.  Ramonita Rodriquez
     c/o Department of Army
     Fort Beliorr, VA 22060

47.  Richard Watson
     c/o Department of Army
     Fort Beliorr, VA 22060

48.  _____McLuge
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

49.  Cheryl Heffern, L.P.N.
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

50.  Mike Kelly
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

51.  Gary Jamison
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

52.  Ann Chapman
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

53.  Peggy Haught, L.P.N.
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

54.  Roger
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

55.  Sue Roeble
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

56.  All witnesses on Michael White's Pre-Trial Statement, 2002
     Trial in Erie, PA;

57.  Dominic White
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

58.  Kelly Winkler
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

59.  Marie Eldred
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

60.  Donald Lucore
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

61.  Richard Carter
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

62.  John Verga
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

63.  Brenda Hale
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

64.  Rev. David Janz
     2571 W. 32nd St.
     Erie, PA 16506

65.  Brad Bloomster
         Loveland Ave.
     Erie, PA 16506

66.  Cheryl Pierce
     5487 Luxury Drive
     Erie, PA 16510

67.  Gary Little
     1843 W. 37th St.
     Erie, PA 16508

68.  Marilyn Little
     1843 W. 37th St.
     Erie, PA 16508

69.  Deputy David Stewart
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

70.  Rhoda Winstead
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

71.  Shirley Moore
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

72.  Ed Brennan
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

73.  William Love
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

74.  Don Corey
     c/o Commonwealth of Penna. State Correctional Institute
     @ Cambridge Springs
     451 Fullerton Ave.
     Cambridge Springs, PA 16403-1229

75.  Any and all witnesses necessary for the identification
     and/or authentication of documents or things.  Also,
     Plaintiff reserves the right to call any witness listed on
     Defendant's Pre-trial Statement.

**b.   Damages**

a.   Brian Pierce
     313 South Main St.
     Cambridge Springs, PA 16403

b.   Julie Pierce
     313 South Main St.
     Cambridge Springs, PA 16403

c.   Dr. Michael Mercatoris
     462 Chestnut Street
     Meadville, PA 16335

**c.   Damages Expert**

1.   Dr. Michael Mercatoris
     462 Chestnut Street
     Meadville, PA 16335

See attached Expert Report and C.V.

Plaintiff reserves the right to call at time of trial any witness
listed on the Defendant's witness list.

### III. EXHIBITS

1.   All Pleadings;
2.   Plaintiff's Termination Letter;
3.   EEOC Filings / Charges (2);
4.   EEOC Documents;
5.   Plaintiff's personnel file with Defendant;
6.   All deposition exhibits in this case;
7.   Tax return for Plaintiff from 2000-present;
8.   Expert Report of Dr. Michael Mercatoris;
9.   C.V. of Dr. Michael Mercatoris;
10.  Medical Records of Plaintiff - Dr. Michael Mercatoris;
11.  Medical Records of Plaintiff - Dr. Ronald Martin;
12.  October 16, 2001 - Medical prescriptions -Dr. Ronald Martin;
13.  Plaintiff Interrogatories and Request for Documents directed
     to Defendant;
14.  Plaintiff's Initial Disclosure and Supplements to
     Defendant's;
15.  Defendant's Initial Disclosures with Documents;
16.  Fee agreement with Attorney Sanders;
17.  March 19, 2001 Amended letter to Brian Pierce from William
     Wolfe;
18.  PDC documents for Brian Pierce 2000-2001;
19.  May 30, 1995 letter to Brian Pierce from Henry Powell;
20.  June 12, 1995 letter to Brian Pierce from Henry Powell;
21.  PDC memo dated June 8, 1995;
22.  Discrimination complaint filed by Brian Pierce in October
     2001;
23.  Letter dated November 15, 2001 to Brian Pierce from Marilyn
     Brooks;
24.  Original letter dated March 19, 2001 to Brian Pierce from
     Bill Wolfe;
25.  November 28, 2001 Memo - RHU Medication Delivery;
26.  September 28, 2001 Memo from Giroux to Brian Pierce;
27.  November 20, 2001 Memo from Giroux to Brian Pierce;
28.  Sandy Patrial personnel file;
29.  Christine Massey personnel file;
30.  April 2, 2002 Memo to J. Wilkes from Lt. Bossard with
     attached Deposition Exhibit (K);
31.  Deposition Exhibit (L) - Code of Ethics;
32.  Deposition Exhibit (M) - April 15, 2002 Memo;
33.  Deposition Exhibit (N) - April 12, 2002 Memo - Fact finding
     session;
34.  Deposition Exhibit (O) - April 12, 2002 Memo;
35.  Deposition Exhibit (P) - April 16, 2002 Memo;
36.  Deposition Exhibit (Q) - April 17, 2002 - Letter to Brian
     Pierce from Marilyn Brook with attachments;
37.  Deposition Exhibit (R) - May 10, 2002 - Termination letter;

38.  Deposition Exhibit (A) – Expert Report of Dr. Michael
     Mercatoris, C.V. and records including Dr. Martin's
     prescriptions from October 16, 2001;
39.  March 18, 1996 letter to Brian Pierce – Award;
40.  Van Tassell News Articles April 22, 2005- _____2005;
41.  November 20, 2000 Memo;
42.  November 16, 2000 Memo – Staff Lounge;
43.  October 13, 2000 Memo – Brennan to staff –food items
44.  March 18, 1996 Memo – Award for Brian Pierce –suggestion
     program;
45.  March 28, 1996 Memo – Award;
46.  Dept. of Army –Certificate of Achievement – Sgt. Brian
     Pierce;
47.  Letter of recommendation – January 10, 1994;
48.  Letter of recommendation – February 2, 1994;
49.  Brian Pierce –Proposal for Stock Narcotic System;
50.  Memo – dated March 27, 2002 – Comp Proposal Giroux to Brian
     Pierce;
51.  Michael White – Initial Disclosures (White vs.PA Dept of
     Corrections) March 2001;
52.  Letter of Commendation – dated September 22, 1993 – Richard
     Watson – Re: Brian Pierce;
53.  2004 Tax Return – Brian Pierce;
54.  2001 Tax Return – Brian Pierce;
55.  2002 Tax Return – Brian Pierce;
56.  2003 Tax Return – Brian Pierce;
57.  McLuge E-Mails;
58.  July 13, 2001 Memo – Giroux to Brian Pierce;
59.  Narcotics Controlled Substance Sheets – Aug. 2001, July
     2001;
60.  Stock Inventory Sign Out Sheets – Notice;
61.  Meds Dispensed Memo;
62.  April 12, 2002 Memo – Fact Finding Session;
63.  All April 2002 Fact Finding memos;
64.  Stock Medication Sheets (11);
65.  Oct. 9, 1997 –Re: Peggy Haught, L.P.N.;
66.  July 8, 1999 – Re: Peggy Haught, L.P.N.;
67.  Oct. 9, 2001 – Brian to Nancy hand written memo –dental lab;
68.  April 23, 2002 – Brian Pierce to Nancy Giroux hand written
     letter – RHU cards;
69.  April 16, 2002 – Hand written memo to Nancy Giroux from
     Brian Pierce;
70.  Employee Report of Incident – April 16, 2002 (2);
71.  Oct. 29, 1997 Memo – Giroux – Emergency Box;
72.  Emergency Box Records (3);
73.  July 30, 2001 Memo – Massung to Brian Pierce – Counseling
     Sessions;
74.  Aug. 17, 2001 Med. Memo – Giroux to nursing staff;
75.  Medication Admin. Records – Inmates (30 pop.);
76.  Crash Cart Records, 2001;

77. Defendant's Pharmacy Guidelines, 1998;
78. Unemployment Records - Brian Pierce;
79. PA Civil Service Records from Brian Pierce Complaint, 2002-2003;
80. Beverly Healthcare Records;
81. Job Hunting Documents;
82. Defendant Position Paper - EEOC;
83. March 25, 1997 - Letter directive nursing staff - staffing guidelines - cut back staff;
84. Employee Report of Incident - June 15, 2000 - M. White/Brian Pierce;
85. Michael White dismissal letter dated Sept. 19, 2000-Albion;
86. Transfer letter dated Jan. 16, 2001 - Albion to Cambridge Springs - Brian Pierce;
87. Employee Witness Statement - Brian Pierce - Oct. 16, 2001 (6 of 6);
88. Yvonne McGuire Witness Statement - April 2002;
89. Jan. 23, 1996 Memo - Giroux to All Med. Staff;
90. Oct. 25, 2001 - Request for temporary change of shift by Brian Pierce to Deputy Good;
91. Med Room Procedures - effective Feb. 26, 2002;
92. Report of extraordinary occurrence report by Brian Pierce, 1995 - SCI - Albion to J. Weyers;
93. Transfer Movement Report form STD -320, Jan. 8, 2001 - Brian Pierce;
94. McLuge E-Mails to Y. McGuire, 2002;
95. McLuge E-Mails to Y. McGuire, 2001
96. April 30, 2002 Pre-D_____ Conf. Report;
97. Feb. 15, 2001 Letter PDC;
98. Appeal Request Form to SCSC - Brian Pierce, 2002;
99. District Counsel letter for Brian Pierce - Aug. 9, 2002;
100. Brian Pierce Performance Reviews - All;
101. May 2002 - Employee Witness Statement;
102. EEOC Dismissal - Brian Pierce, Oct. 28, 2002;
103. Notice of Charge - EEOC - Brian Pierce, Oct. 28, 2002;
104. Brian Pierce supervisory file produced by Defendant in the case;
105. Record of Absence Records;

## V. DAMAGES SUMMARY

Plaintiff Brian Pierce, will testify on his economic losses

## IV. DAMAGES SUMMARY

Plaintiff Brian Pierce, will testify on his economic losses
- back pay - costs - benefits lost.  Plaintiff Brian Pierce, will
also testify as to his compensatory damages - emotional distress,
etc., which will also be addressed by Mrs. Julie Pierce, and Dr.
Michael Mercatoris.  Mr. Pierce's current out of pocket costs are
approximately $15,000 (fifteen thousand dollars ).  Back pay is
$160,000 (one hundred sixty thousand dollars) less mitigated
earnings, assuming a Spring, 2006 Jury Trial.  Mr. Pierce seeks
legal fees and compensatory damages, emotional distress, pain and
suffering under Federal law. Estimated attorney's fees to date,
based upon Attorney Sanders -$300.00 (three hundred dollars) per
hour, and Attorney Beuth - $200.00 (two hundred dollars) per hour
is $50,000 (fifty thousand dollars). Also see the medical expert
report and C.V. of Dr. Michael Mercatoris, attached hereto.

## V.  UNUSUAL LEGAL ISSUES

At this time, Plaintiff does not believe there are any
unusual legal issues in the within case.

## VI.   DISCOVERY DEPOSITIONS

1.   Brian Pierce

2.   Christine Massung

3.   Sandra Pietrzak

4.   Marilyn Brooks

5.   Nancy Giroux

These discovery depositions shall be used exclusively for the purpose of rebuttal and / or impeachment, as all of the deponents will be available to testify in person.

However, should any of the deponents listed above not be available to testify in person at the time the trial, the Plaintiff asks that the entire deposition transcript of each individual be read into the record.

## VII.   SETTLEMENT NEGOTIATIONS

Plaintiff has not engaged in settlement negotiations, because Defendant has filed a Motion for Summary Judgment. Plaintiff clearly believes that there are genuine issues of material fact and that a Motion for Summary Judgment is not warranted.  Plaintiff will revisit settlement negotiations once the Court denies Defendant's Motion for Summary Judgment.

## IX.  TRIAL TIME

Plaintiff estimates that Plaintiff's case in chief will take approximately three (3) days to complete at the jury trial of the within matter.

Respectfully submitted,

LAW OFFICES OF NEAL A. SANDERS

Dated: August 12, 2005          By: _____
                                Neal A. Sanders, Esquire
                                Counsel for Plaintiff,
                                Brian Pierce

                                LAW OFFICES OF NEAL A. SANDERS
                                1924 North Main Street Ext.
                                Butler, Pennsylvania 16001

                                (724) 282-7771
                                PA ID No. 54618

**Michael Mercatoris, Ph.D. & Associates, P.C.**
462 Chestnut Street Meadville, PA 16335  Phone 814-336-6308 Fax 814-337-6067

April 19, 2005

Attorney Neal A. Saunders
1924 North Main Street Extension
Butler, PA 16001

Re:    Brian D. Pierce

Dear Attorney Saunders:

Brian Pierce was a patient under my care for psychotherapy in 2002 and again in 2004.
He was initially seen on April 16, 2002 and was seen for four sessions the last being May
7, 2002.  He was again seen on May 3, 2004 with his last session being June 1, 2004.
When initially seen in 2002 his diagnosis was Major Depression, recurrent, without
psychotic features.  When initially seen he was expressing depressive symptomatology.
He had a sleep disorder.  He had weight gain.  He was Anhedonic.  He had a lower desire
to do things and loss of his libido.  While he had a previous history of depressive
episodes, it is my opinion to a reasonable degree of psychological certainty that the
exacerbation of his symptoms was due to job related stress that he reported occurring
with the Department of Corrections.

If there are any questions regarding this please do not hesitate to call this office.

Sincerely,

Michael Mercatoris, Ph.D.
Clinical Psychologist

## *Curriculum Vitae*

### Michael Mercatoris, Ph.D.

462 Chestnut Street
814-336-6308

Meadville, PA 16335
Fax 814-337-6067

## *Educational Background*

**The Pennsylvania State University, University Park, PA.**                                    1970-1976
M.S., Clinical Psychology, 1972; Ph.D. Clinical Psychology, 1976, with minors in
Psychophysiology and Research Design/Methodology; USPHS Fellowship

**Allegheny College, Meadville, PA**                                    1966-1969
B.A., Psychology; Pratt Award for Outstanding Junior in Psychology, 1968; graduated
cum laude.

**Duke University, Durham, NC**                                    1965-1966
Transferred to Allegheny College.

## *Professional Experience*

**Michael Mercatoris, Ph.D. & Associates, P.C.**                                    1979-Present
Private practice which has grown from one licensed psychologist
(self) to include four licensed psychologists, three psychotherapists,
one psychiatrist and three office personnel.   Personally see a variety
of clients from children to older adults, supervise three psychothera-
pists and have with experience in EAP, short and long term therapy,
chronic populations, variety of disorders.

Meadville, PA

**Meadville Medical Center**                                    1968-Present
Staff privileges as a Clinical Psychologist
Formerly Meadville City Hospital and Spencer Hospital.

Meadville, PA.

**Northwest Medical Center**                                    1981-1987
Staff privileges as a Clinical Psychologist.
Formerly Franklin Regional Medical Center.

Franklin, PA.

**Headache Center/Neurology Institute of Western Pennsylvania**                                    1990-1991
Psychological Consultant and Associate.

Meadville, PA

**Franklin Regional Medical Center**                                    1981-1987
Clinical Instructor, Family Practice Residency Program
Director, Behavioral Science Department, Family Practice

Franklin, PA

Sarah A. Reed Children's Center
Director of Research and Training, Director of Clinical Services,     1979-1982
and Consulting Psychologist

Erie, PA

Consulting Psychologist
Polk Correctional Center, 1982-1984                                   1977-1984
Crawford County Association for Retarded Citizens, 1981-1982         Polk, PA
United Cerebral Palsy of Crawford/Venango Counties, 1981-1982   Meadville, PA
Pupil Services of the Northwest Tri-County IU, 1980-1984        Meadville, PA
Good Samaritan Community Mental Health Center, 1977-1979            Erie, PA
                                                                   Dayton, OH

The Pennsylvania State University
Counselor, Career Development & Placement Center, 1973              1970-1974
Counselor, Division of Counseling, 1972-1973              University Park, PA
Graduate Student Therapist, Department of Psychology, 1970-1974


## Teaching Experience

Villa Maria College
Adjunct Faculty, Psychology Department                              1980-1984
                                                                     Erie, PA

Wright State University School of Medicine
Assistant Clinical Professor of Psychiatry, Department of Psychiatry  1977-1978
                                                                   Dayton, OH

Miami University
Visiting Instructor, Visiting Assistant Professor, Assistant Professor,  1975-1979
Department of Psychology

Oxford, OH

The Pennsylvania State University
Instructor, Graduate Teaching Assistant, Department of Psychology   1968-1974
                                                              University Park, PA

Allegheny College
Teaching Assistant, Research Assistant                              1967-1968
                                                                 Meadville, PA


## Internship Experience

Palo Alto Veterans Hospital
APA Accredited Pre-Doctoral Internship, Department of Psychology    1974-1975
                                                                 Palo Alto, CA

Laurelton State School and Hospital
Psychological Associate, Masters level internship                   1970-1971
                                                                 Laurelton, PA

VITA

Michael Mercatoris, Ph.D.

3

## *Publications*

Bittman, B., Dale, J.A. & Mercatoris, M. (1991). A meeting of the minds of health care professional for headache care. The Society of Behavioral Medicine Twelfth Annual Scientific Session: New partnerships in modern ideas for the next millennium. Rockville, MD: Society of Behavioral Medicine, 62. (Abstract).

Craighead, W.E. & Mercatoris, M. (1973). Mentally retarded residents as paraprofessionals: A review. American Journal of Mental Deficiency, 78, 339-347.

Craighead, W.E. & Mercatoris, M. (1975). Mentally retarded residents as paraprofessionals: A review. In D. Gibson & R.I. Brown (Eds), Managing the Severely Retarded. Springfield, IL: CC Thomas.

Craighead, W.E., Mercatoris, M., & Bellack, B. (1974). The use of mentally retarded residents as behavioral observers. Journal of Applied Behavior Analysis, 7, 333-340.

Mercatoris, M. & Craighead, W.E. The effects of non-participant observation on classroom behavior. Journal of Educational Psychology, 66, 512-519.

Mercatoris, M. Hahn, L. & Craighead, W.E. (1975). Mentally retarded residents as paraprofessionals in modifying mealtime behavior. Journal of Abnormal Psychology, 84, 299-302.

Meyers, A.W., Mercatoris, M. & Artz, H. (1976). On the development of a cognitive self-monitoring skill. Behavior Therapy, 7, 128-129.

Meyers, A.W., Mercatoris, M. & Sirota, A. (1976). The use of overt self-instructions for the elimination of psychotic speech: A case study. Journal of Consulting & Clinical Psychology, 44, 480-482.

Snow, J.S., Mercatoris, M., Beal, D. & Weber, D. (1982). Development of standards of performance by mentally retarded children. American Journal of Mental Deficiency, 87, 282-288.

## *Papers/Presentations*

Bittman, B., Dale, J.A. & Mercatoris, M. (1991). A meeting of the minds of health care professional for headache care. Paper presented at the Annual Meeting of the Society of Behavioral Medicine. Washington, D.C.

Mercatoris, M. Hahn, L. & Craighead, W.E. (1973). Mentally retarded residents as paraprofessionals in modifying mealtime behavior. Presented at the American Association on Mental Deficiency. Atlanta, GA.

Craighead, W.E. & Mercatoris, M. (1972). The use of mentally retarded residents as para-professionals in behavior modification. Presented at the American Association on Mental Deficiency. Minneapolis, MN.

Craighead, W.E. & Mercatoris, M. (1972). The effects of non-participant observation on classroom behavior. Presented ast the Sixth Annual Meeting of the Association for Advancement of Behavior Therapy. New York, NY.

Dale, J.A., Mercatoris, M. Emanuele, S. & Bittman, B. (1992). Avoidance of muscle sites with high EMG for biofeedback with migraineurs. Presented at the Annual Meeting of the Society of Behavior Medicine. New York, NY.

Mercatoris, M., Cole, C.S., Lewis, L. & Leonard, A. (1980). Depression and the self evaluative process. Presented at the Annual Meeting of the Association for Advancement of Behavior Therapy. New York, NY.

Mercatoris, M., Huggins, R.D., & Bedrosian, R. (1979). Increasing appointment keeping with reminders: A cost/benefit approach. Presented at the Annual Meeting of the Midwestern Psychological Association. Chicago, IL.

Mercatoris, M., Palmer, R.I., Novonty, C., Johnson, M. & Singh, G. (1986). The path of tornadoes: Can a family practice residency respond in natural disaster? Presented at the North East Regional Meeting of the Society of Teachers in Family Medicine. Buffalo, NY.

Mercatoris, J., Wilcoxon-Graighead, L., Craighead, W.E. & Schrader, S. (1979). Factor structure of a mood checklist for use in behavior therapy research. Presented at the Thirteenth Annual Meeting of the Association for Advancement of Behavior Therapy. San Francisco, CA.

Mercatoris, M., Wenk, N.M., Weber, D.B., Englert, H.F., & Scantlebury, R. (1980) Training summer staff in contingency management: Are in services enough? Presented at the Seventh Annual Meeting of the Association for Behavior Analysis. Detroit, MI.

Snow, S.F., Mercatoris, M., Beal, D. & Weber, D. (1980). Development of standards of performance in the mentally retarded: An investigation of the self evaluative component of self control. Presented at the Annual Meeting of the Association for Advancement of Behavior Therapy. New York, NY.

Snow, S.F., Mercatoris, M., Beal, D. & Weber, D. (1981). Training moderately retarded children to set performance standards. Presented at Fourteenth Annual Gatlinburg Conference on Research on Mental Retardation and Developmental Disabilities. Gatlinburg, TN.

Weber, D.B., Rockoff, E. & Mercatoris, M. (1979). A comparative study of de-institutionalized and non-institutionalized mentally retarded adults in a sheltered

workshop setting. Presented at the 103rd Annual Meeting of the American Association on Mental Deficiency. Miami Beach, FL.

Weber, D.B., Weber, D.M. & Mercatoris, M.(1979). The least restrictive treatment for hyperactivity: A proposed treatment model. Presented at the Twentieth Annual Meeting of the Pennsylvania Federation Council for Exceptional Children. Pittsburgh, PA.

### Theses

Mercatoris, M. (1972). The Effects of Nonparticipant Observation on Teacher-Pupil Classroom Behavior. Masters Thesis. The Pennsylvania State University, University Park, PA.

Mercatoris, M. (1976). Moods, Models and Self-Consequation. Doctoral Dissertation. The Pennsylvania State University, University Park, PA.

### Licensure/Memberships

Pennsylvania Board oF Psychologist Examiners
Licensed Psychologist, License # PS003154L                    1979-Present

State of Ohio Board of Psychology
Licensed Psychologist, License #2771                          1978-1997
Allowed to lapse in good standing due to no longer practicing in State of Ohio

National Register of Health Service Providers in Psychology
                                                             1980-Present

American Psychological Association
                                                             1970-Present

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of August, 2005, a true and correct copy of the foregoing **Plaintiff's Pre-Trial Statement**, was mailed by the United States First Class Mail, postage prepaid, to the following:

Craig Maravich, Esquire
Office of Attorney General
Commonwealth of Pennsylvania
564 Forbes Avenue
Manor Complex
Pittsburgh, Pennsylvania 15219

Dated: August 12, 2005                    By: _____
                                          Neal A. Sanders, Esquire
                                          Counsel for Plaintiff,
                                          Brian Pierce

                                          LAW OFFICES OF NEAL A. SANDERS
                                          1924 North Main Street Ext.
                                          Butler, Pennsylvania 16001

                                          (724) 282-7771
                                          PA ID No. 54618

LAW OFFICES OF

# NEAL A. SANDERS

1924 NORTH MAIN STREET EXT.
BUTLER, PENNSYLVANIA 16001
(724) 282-7771
FAX: (724) 285-6341

NEAL A. SANDERS*
DIRK D. BEUTH

*Admitted also in District of Columbia

August 12, 2005

FEDERAL EXPRESS

R.V. Barth, Jr., Clerk
U.S. Post Office and Courthouse
Room 102
617 State Street
Erie, Pennsylvania 16501

**RE:** **Brian D. Pierce vs. Pennsylvania Department of Corrections,**
**an Agency of the Commonwealth of Pennsylvania, SCI Cambridge**
**Springs**
**Case # 03-173E – Pre-Trial Statement**

Dear Mr. Barth:

Enclosed for filing please find the Plaintiff's Pre-Trial
Statement, the disk and one (1) copy for the above referenced
matter. Kindly date stamp a copy and return it to me in the
enclosed self addressed stamped envelope. Thank you.

Very truly yours,

By:
Neal A. Sanders, Esquire

Enclosure(s)
NAS/lmk

CC: Brian D. Pierce
Craig Maravich, Esquire