IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN D. PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  03-173 Erie |
| ) | Hon. Sean L. McLaughlin |
| PENNSYLVANIA DEPT. OF ) | Magistrate Judge Susan Paradise Baxter |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## REPLY TO PLAINTIFF'S OPPOSITION

AND NOW, comes the Defendants, by its attorneys, Thomas W. Corbett, Jr., Attorney General, Craig E. Maravich, Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submits the following:

Defendants stand on their Motion for Summary Judgment, the evidence submitted and Brief in Support. Plaintiff's Brief in Opposition fails to demonstrate that material issues of fact are in dispute in order to contradict summary judgment in favor of defendant.

This Reply is to address a footnote found in Plaintiff's Brief in Opposition. In footnote 6, plaintiff writes: "The Defendant does not address Plaintiff's hostile work environment claims in its Brief in Support of Motion for Summary Judgment. Accordingly, Plaintiff assumes that the Defendant concedes that there are genuine issues of material fact with respect to these claims." This assumption is incorrect. Defendant does not concede this point. In fact, there is no such claim.

The Complaint was filed on or about May 27, 2003.  (Doc. #1.)  The Complaint identifies two claims:

## COUNT I

## TITLE VII

**Gender Discrimination in the Terms, Conditions and Privileges of Employment and Termination**.

## COUNT II

## TITLE VII

### Retaliation

Clearly, this Complaint does not raise a claim for hostile work harassment. Previously, defendant filed a motion to dismiss/motion to strike/motion for more definite statement.  (Doc #6.)  In response to defendant's motion, plaintiff filed a response (entitled Plaintiff's Opposition to Defendant's Motion to Dismiss/Motion to Strike/Motion for More Definite Statement) and Brief in Support.  (Docs #9&10.)

In Plaintiff's Brief, the plaintiff party identifies the claims and never identifies a "hostile work environment claim."  The first paragraph of Plaintiff's Brief (Doc # 10) identifies the claims and reads:

> Plaintiff commenced this action by filing a two count complaint on March 27, 2003.  In Count I, the Plaintiff claims that the Defendant discriminated against him because of his gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) by subjecting him to disparate treatment and terminating his employment. (Complaint ¶¶ 8-21.)   In Count II,

2

> Plaintiff claims that the Defendant retaliated against him for filing an internal charge of discrimination and for assisting another employee in an action brought under Title VII. (Complaint ¶¶ 23-33.)

A hostile work environment claim was never pleaded in the Complaint. (See Complaint, Count I & II.) To raise it now prejudices defendant. (See Brief in Support of Motion for Summary Judgment, Arguments A & B); Simms v. Oklahoma, 165 F.3d 1321, 1327 (10th Cir. 1999) (plaintiff cannot raise "new theory of recovery"); Fairchild v. Forma Scientific, 147 F.3d 567, 575 (7th Cir. 1998) ("an untimely amendment that alleges an entirely new theory of recovery does not relate back"). It goes beyond the set parameters of the case. (See Brief in Support of Motion for Summary Judgment, Argument A.) In addressing Defendant's Motion to Dismiss/Motion to Strike/Motion for More Definite Statement, the Magistrate Judge's Report and Recommendation described the claims: "Plaintiff alleges that he is a male nurse employed by the Pennsylvania Department of Corrections and has been the victim of gender discrimination and retaliation." (R&R, p.1.) Plaintiff did not attempt to correct this report to signify that he was raising additional claims of "hostile work environment" as he avers at this late date in Plaintiff's Brief in Opposition, n.6.

## **CONCLUSION**

In conclusion, summary judgment must be granted in favor of defendant.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:   s/Craig E. Maravich
Craig E. Maravich
Senior Deputy Attorney General
Attorney I.D. No. 86219

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  September 16, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Reply to Plaintiff's Opposition was served upon the following via first-class mail on September 16, 2005.

Neal A. Sanders, Esquire
LAW OFFICES OF NEAL A. SANDERS
1924 North Main Street Ext.
Butler, PA   16001

                                        s/Craig E. Maravich
                                        Craig E. Maravich
                                        Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date:  September 16, 2005