IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN PIERCE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 03-173E |
| | : Judge Sean J. McLaughlin |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : Magistrate Judge Susan Paradise Baxter |
| | : |
| Defendant. | : |

## DEFENDANTS PRETRIAL STATEMENT

AND NOW, comes the defendant, Pennsylvania Department of Corrections, by attorneys, Thomas W. Corbett Jr., Attorney General, Craig E. Maravich, Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, and files the following:

## CASE STATEMENT

Plaintiff, Brian D. Pierce, filed this federal civil complaint on or about May 27, 2003 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e et seq., and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. et seq., against his employer, the Pennsylvania Department of Corrections.  The Complaint cites two counts:  1.)  Title VII, Gender Discrimination in the terms, conditions and privileges of employment and termination and  2.) Title VII, Retaliation.  Attached to the Complaint was a Dismissal and Notice of Rights dated February 26, 2003 from the Equal Employment Opportunity Commission (EEOC).  This right-to-sue letter identifies the administrative charge number as 172A300147.  The EEOC made the following determination concerning this charge: "Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the

statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." As a matter of law, the parameters of this civil action are set by the charge filed with the administrative agency and limited to those brought in the complaint.

The EEOC at charge # 172A300147 determined that the allegations that plaintiff was discriminated against because he was a male, because of his religious beliefs and for retaliation in the form of being subjected to harassment and discharged from his position as an LPN on May 13, 2002 were not substantiated. To the contrary, the employer demonstrated that neither discrimination nor retaliation occurred; instead, the employer showed that the actions taken against plaintiff were based on his repeated refusals to adhere to the Pennsylvania Department of Corrections' policies and procedures and code of ethics which ultimately lead to plaintiff's discharge.

Prior to his discharge, plaintiff had been disciplined in the past. Leading up to his discharge, plaintiff was issued a verbal reprimand, a written reprimand and a suspension. Plaintiff was charged with violating the Department of Corrections Code of Ethics. Through several investigations, the employer found that the plaintiff violated policies, procedures and the Code of Ethics. Additionally, the employer determined that the plaintiff failed to conduct himself in a proper and professional manner and failed to cooperate in investigations. The employer has met its relatively light burden of articulating a legitimate, non-discriminatory reason for its employment action.

Thus, judgment in favor of defendant must be granted.

## POSSIBLE WITNESSES

1. All witnesses identified in plaintiff's pretrial statement.

2. Superintendent Marilyn Brooks.

3. Deputy Superintendent David Good.

4. Deputy Superintendent Wilkes.

5. Nancy Wirth, Human Resource Director.

6. Z. Rayner.

7. Sharalee Raun, AFSCME

8. Nancy Giroux, Correctional Health Care Administrator.

9. Chriss Massung, CHCA.

10. William Wolfe.

11. Lt. Berk Bossard.

12. Captain Colvin.

13. Judy Weyers.

14. Vickie Kormanic.

15. Ed. Brennan.

16. Lt. Marquardt.

17. Maxine Overton.

18. Nancy Fellner.

19. Henry Powell.

20. Cassie Oberlander.

21. Sue Roeble.

22. Tom Fulcomer.

23. Jeffrey Beard.

24. Sandra Pietrzale.

25. Yvonne McGuire.

26. Carrie Hargenrader.

27. Nancy Wirth.

28. Brian D. Pierce.

Defendant reserves the right to amend this list as it deems needed or necessary.

## POSSIBLE EXHIBITS

1. All pleadings, filings, attachments and entries on the docket.

2. All exhibits listed on plaintiff's pretrial statement.

3. Deposition of Christine Massung and attachments.

4. U.S. Equal Employment Opportunity Commission investigative letter.

5. Pennsylvania Department of Corrections termination letter.

6. Deposition of Sandra Pietrzak and attachments.

7. Deposition of Nancy Giroux and attachments.

8. Deposition of Marilyn Brooks and attachments.

9. Pennsylvania Department of Corrections Procedures Manual.

10. Pennsylvania Department of Corrections Policies and Procedures.

11. Pennsylvania Department of Corrections Code of Ethics.

12. Pennsylvania Department of Corrections relevant internal investigations and supporting documentation.

13. Pennsylvania Department of Corrections Pre-Discipline Conference proceedings, investigations and supporting documentation.

14. Civil Service Appeal Form.

15. AFSCME MASTER Agreement.

16. Plaintiff's Official Personnel File.

17. All correspondence received by plaintiff sent by and though the Pennsylvania Department of Corrections.

18. Supervisor File.

19. Transfer letter from SCI-Albion to SCI-Cambridge Springs.

20. Plaintiff's Initial Disclosures and supporting documentation.

21. Defendant's Initial Disclosures and supporting documentation.

22. Suspension letters to plaintiff.

23. Written reprimands to plaintiff.

24. Investigation of LPN Pierce, April, 2002 and supporting documentation.

25. Meetings Notes of April 8, 2002.

26. Fact Finding Session with Brian Pierce dated April 12, 2002.

27. Fact Finding Session dated April 11, 2002.

28. Fact Finding Session with Brian Pierce dated April 15, 2002.

29. Fact Finding Session dated April 16, 2002.

30. Deposition of Brian D. Pierce and all attachments.

31. Deposition of Christine Massung and all attachments.

32. Responses to Production of Documents.

Defendant reserves the right to amend this list as it deems needed or necessary.

## COMPLEX LEGAL ISSUES

At this time, it is not believed any complex issues exist.

## DAMAGES

It is Defendant's position that plaintiff is not entitled to any damages.

## RESERVATIONS

Defendant reserves the right to supplement or amend this filing as it deems needed or necessary.

## **CONCLUSION**

WHEREFORE, it is respectfully requested judgment in favor of defendant granted.

                                            Respectfully submitted,

                                            THOMAS W. CORBETT JR.
                                            Attorney General

                                By:    /s/ Craig E. Maravich
                                            Craig E. Maravich
Office of Attorney General                Deputy Attorney General
564 Forbes Avenue, Manor Complex    Attorney I.D. No. 86219
Pittsburgh, PA 15219
Phone: (412) 565-2794                    Susan J. Forney
Fax:    (412) 565-3028                  Chief Deputy Attorney General
                                              Chief, Litigation Section

Date: April 7, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2006, I electronically filed the foregoing *Defendants Pretrial Statement* with the Clerk of Court using the CM/ECF system. Plaintiff's counsel will be electronically noticed of this filing.

        /s/ Craig E. Maravich
        Craig E. Maravich
        Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue, Manor Complex
Pittsburgh, PA 15219
(412) 565-2794 phone
(412) 565-3028 fax

Date: April 7, 2006